**Lillian SKINNER, Appellant,**

v.

**Alice B. JOHNSON and Nancy Messina, Appellees.**

**No. 14310.**

United States Court of Appeals Ninth Circuit.

July 27, 1955.

Jack Flinn, San Francisco, Cal., for appellant.

Allah L. Sapiro, San Francisco, Cal., Warren Sapiro, South San Francisco, Cal., for appellees.

Before DENMAN, Chief Judge, and ORR and LEMMON, Circuit Judges.

DENMAN, Chief Judge.

Skinner, hereafter the Landlord, appeals from a judgment of the District Court in a proceeding under § 205 of the Housing and Rent Act of 1947, 50 U.S. C.A.Appendix, § 1895, hereafter the Act, holding her liable to the appellees, hereafter the Tenants, for the difference between $30.00 per month, the rental fixed for the apartment when unfurnished and $125.00 per month charged after extensive structural changes were made remodeling the apartment, important facilities were added and the apartment furnished.

There is no question that the expenditures were for "structural changes involving substantial alterations." The wall facings were torn off and expansion facing added. The wall between the bathroom and kitchen taken out and a new wall built, enlarging the bathroom. A laundry outside the apartment and a roof garden were constructed for the tenants' use and a hallway adding to the apartment's privacy. However, there were no rooms added to the apartment and it remained the same dwelling unit.

The landlord failed to file with the Area Rent Director her petition for increase of the maximum rent in the proceeding provided in the regulations, until after she had charged and collected the $125.00 monthly rental for the period of a year before the tenants' instant suit was filed. The landlord contends that though no dwelling unit was added, more extensive structural changes involving substantial alterations, brought her within the exception of the underlined portions of the following Rent Regulations under the Act.

"Part 825—Rent Regulations Under the Housing and Rent Act of 1947, as amended:

"Sec. 1—Definitions and scope of this regulation.

"(2) Decontrolled housing to which this regulation does not apply. This regulation does not apply to the following:

"(ii) Accommodations created by new construction or conversion. (a) Housing accommodations the construction of which was completed on or after February 1, 1947, or which are additional housing accommodations created by conversion on or after February 1, 1947: * * * and the word 'conversion' means (1) a change in a structure from a non-housing to a housing use or (2) *a structural change in a residential unit or units involving substantial alterations,* or remodeling and *resulting in the creation of additional housing accommodations."* [Emphasis supplied.]

We do not agree. We are controlled by the contrary interpretation of Sec. 1(2) [ii] (a) by the Housing Administration, the Supreme Court holding in Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, at page 414, 65 S.Ct. 1215, at page 1217, 89 L.Ed. 1700, a price regulation case, that:

"The intention of Congress or the principles of the Constitution in some situations may be relevant in the first instance in choosing between various constructions. But the ultimate criterion is the administrative interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation. The legality of the result reached by this process, of course, is quite a different matter. In this case the only problem is to discover the meaning of certain portions of Maximum Price Regulation No. 188. Our only tools, therefore, are the plain words of the regulation and any relevant interpretations of the Administrator."

The interpretation construes the words "resulting in the creation of additional housing accommodations" as applying to "substantial alterations", and states:

"5. *Requirement that additional housing accommodations result from the alterations or remodeling.* Where there has been a structural change involving substantial alteration or remodeling, decontrol occurs only if additional housing accommodations result from this work. This determination is made with a respect to the dwelling unit or dwelling units which are necessarily involved in the creation of additional housing accommodations.

\* \* \* \* \* \*

"6. *Basis for determining whether additional housing accommodations have been created.* In determining whether additional housing accommodations have been created, the primary test is not whether there are more tenants in occupancy than before the conversion, nor whether there is more floor space. The determination is made by comparing the number of dwelling units before and after the conversion."

We cannot say of this interpretation that it is "plainly erroneous or inconsistent with the regulation" and we accept it as we did in the analogous case of Feeley v. Woods, 9 Cir., 190 F.2d 228, 233. Since there was no dwelling unit added to the apartment the judgment is affirmed.